UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

JOY PHILLIPS,

    *Plaintiff,*

  v.

CITY OF SOUTH BEND and
RONALD TEACHMAN,

    *Defendants.*

Case No. 3:15-cv-527-PPS-CAN

## ANSWER TO COMPLAINT

The City of South Bend ("the City") and Ronald Teachman respond to the Complaint filed by Joy Phillips as follows.  According to Local Rule 10-1, the allegations of the Complaint are repeated *verbatim*, with the Defendants' answers immediately following.

    1.    Plaintiff seeks to vindicate her rights Under [sic] the Civil Rights Act of 1964 and under the Equal Protection Clause of the Fourteenth Amendment due to discrimination based on her sex.

**ANSWER:** **The City and Teachman admit Phillips alleges discrimination and attempts to seek relief, but they deny she has stated a claim and deny she is entitled to any relief.**

    2.    This Court has original subject matter jurisdiction of the federal questions presented pursuant to 28 U.S.C. § 1333 and § 1343.  Plaintiff's causes of action arise under Title VII of the Civil Rights Act of 1964.

**ANSWER:** **The City and Teachman admit that Phillips's allegations invoke the jurisdiction of this Court but deny the truth of her allegations or that she has stated a claim.**

3. Plaintiff timely filed charges of discrimination with the Equal Employment Opportunity Commission on October 23, 2014 and on December 10, 2014. She received her Right to Sue letter on August 11, 2015.

ANSWER: **The City and Teachman admit Phillips filed two charges of discrimination on those dates and that the EEOC issued dismissal and right to sue notices regarding them in August 2015. They lack sufficient information to admit or deny the remaining allegations of Paragraph 3 and therefore deny them.**

4. Venue is proper in the South Bend Division because the Defendant resides in this division and the events complained of occurred in this division.

ANSWER: **The City and Teachman admit that Phillips's allegations make for proper venue in this Court, but they deny the truth of those allegations and deny all other allegations in Paragraph 4.**

5. Joy Phillips (female) is an adult citizen of the United States who resides in South Bend, Indiana.

ANSWER: **The City and Teachman admit the allegations of Paragraph 5.**

6. The City of South Bend is a government unit located in St. Joseph County, Indiana. It operates the South Bend Police Department.

ANSWER: **The City and Teachman admit the allegations of Paragraph 6.**

7. Ronald Teachman (male), is an adult citizen of the United States who resides in South Bend, Indiana. He is sued individually and in his capacity as Chief of the South Bend Police Department.

ANSWER: **Teachman admits he is an adult, male U.S. citizen who resides in South Bend, Indiana and that he was formerly chief of the South Bend Police Department. The allegations regarding why or how Phillips has sued him are legal conclusions that do not require a response. Likewise, the allegations of Paragraph 7 are not directed to the City and do not require a response from**

        **it.  The City and Teachman deny all other allegations in Paragraph 7.**

8.    Joy Phillips ("Phillips") has been employed by the South Bend Police Department ("SBPD") as a sworn police officer since April 19, 1999.

**ANSWER:**    **The City and Teachman admit the allegations of Paragraph 8.**

9.    During this time Phillips performed exemplary police work, receiving numerous commondations [sic].

**ANSWER:**    **The City and Teachman deny the allegations of Paragraph 9.**

10.    On three instances Phillips sought promotion from the rank of Patrolman to Sergeant.

**ANSWER:**    **The City and Teachman admit Phillips has sought various promotions.**

11.    Most recently, Phillips sought promotion to the rank of Sergeant when the SBPD announced openings for three Sergeant positions.

**ANSWER:**    **The City and Teachman admit the allegations of Paragraph 11.**

12.    Phillips was the only female who applied.

**ANSWER:**    **The City and Teachman admit Phillips was the only female candidate for open sergeant positions filled in 2015.**

13.    Instead of Phillips, Chief of Police Ronald Teachman promoted three male applicants to the rank of Sergeant who had less experience than Phillips and had who had [sic] histories of serious disciplinary violations.

**ANSWER:**    **The City and Teachman deny the allegations of Paragraph 13.**

14.    Phillips has been subjected to a continuous barrage of demeaning remarks, sexual innuendo, and unwanted sexual advances by fellow officers and superiors.

ANSWER:    **The City and Teachman deny the allegations of Paragraph 14.**

15.  The demeaning remarks and sexual innenuendo [sic] persisted even after Phillips alerted superior officers to the problem.

ANSWER:    **The City and Teachman deny the allegations of Paragraph 15.**

16.  Phillips filed a Charge of Discrimination non [sic] October 23, 2014. Shortly thereafter, Teachman replaced Phillips as Commander of the Interim Hostage Negotiation Team and replaced her with a less qualified male.

ANSWER:    **The City and Teachman admit Phillips filed a charge of discrimination on October 23, 2014. They deny all other allegations in Paragraph 16.**

17.  When Phillips complained that she was subjected to unwanted sexual advances by a fellow officer the officer was not punished and Phillips was subjected an Internal Affairs investigation for defaming a fellow officer.

ANSWER:    **The City and Teachman deny the allegations of Paragraph 17.**

18.  At all times Teachman acted in the scope of his employment by the City of South Bend and under color of Indiana law.

ANSWER:    **The City and Teachman admit that any actions Teachman took concerning Phillips were within the scope of his employment with the City. They deny the allegations regarding "color of Indiana law" as a legal conclusion that presumes some sort of deprivation of rights—which Teachman and the City deny. They deny all other allegations in Paragraph 18.**

19.  Teachman's failure to promote Phillips in favor of less qualified males constitutes descrimination [sic] on the basis of her sex in violation of the Equal Protection Clause of the Fourteenth Amendment.

4

ANSWER:     **Teachman denies the allegations of Paragraph 19.  If any of its allegations could be interpreted to apply to the City, it also denies them.**

20. Teachman's failure to correct the barrage of demeaning remarks and behaviors directed by fellow police officers at Phillips due to her sex constitutions [sic] sex discrimination in violation of the Equal Protection Clause of the Fourteenth Amendment.

ANSWER:     **Teachman denies the allegations of Paragraph 20.  If any of its allegations could be interpreted to apply to the City, it also denies them.**

21. The demeaning remarks and behaviors directed at Phillips because of her sex created a hostile work environment within the meaning of Title VII of the Civil Rights Act of 1964.

ANSWER:     **The City denies the allegations of Paragraph 21.  If any of its allegations could be interpreted to apply to Teachman, he also denies them.**

22. Phillips' replacement as Commander of the Hostage Negotiation Team, along with other unjustified discipline and investigations, constitutes retaliation for protected activity under Title VII of the Civil Rights Act of 1964.

ANSWER:     **The City denies the allegations of Paragraph 22.  If any of its allegations could be interpreted to apply to Teachman, he also denies them.**

23. Plaintiff seeks all relief allowable by law, including back pay, front pay, reinstatement, and compensatory and punitive damages, and attorneys [sic] fees.

ANSWER:     **The City and Teachman admit that Phillips seeks various forms of relief but deny she has stated a claim and deny she is entitled to any form of relief.**

### *Additional Defenses*

1. The Complaint fails to state a claim upon which relief can be granted.

2. Subject to further investigation and discovery, Phillips may have failed to reasonably mitigate her claimed damages.

3. Subject to further investigation and discovery, some of Phillips's claims may be barred or limited as untimely—particularly the individual claims alleged against Teachman for which more discovery is needed to determine the timing and circumstances of alleged events.

4. Some or all of Phillips's claims should be dismissed because they exceed the reasonable scope of her Charges of Discrimination.

5. To the extent Phillips has failed to exhaust any administrative remedies, her claims are barred.

6. Subject to further investigation and discovery, Phillips's remedies, if any, may be limited by the doctrine of after-acquired evidence.

7. All of the City's actions relating to Phillips were taken for legitimate, non-discriminatory reasons.

8. Teachman is not an "employer" to Phillips within the meaning of Title VII.

9. There is no viable claim against Teachman in his official capacity because such claims merely duplicate those against the City itself.

10. The City and Teachman reserve the right to assert additional defenses as they become known.

THEREFORE, the City and Teachman respectfully request the Court to enter judgment in their favor dismissing the Complaint, assessing costs against Phillips, and granting all other appropriate relief.

### *Jury Demand*

The City and Teachman respectfully request trial by jury on all issues so triable.

Respectfully submitted,

 /s/ Michael J. Hays
Michael J. Hays (#23606-71)
Elizabeth A. Klesmith (#32035-71)
TUESLEY HALL KONOPA, LLP
212 East LaSalle Avenue
South Bend, Indiana  46617
Telephone: (574) 232-3538
mhays@thklaw.com
eklesmith@thklaw.com

*Counsel for Defendant*

**CERTIFICATE OF SERVICE**

I hereby certify that on December 3, 2015, I electronically filed this document with the Clerk of the Court using the CM/ECF system, which sent notification of the filing to all counsel of record.

 /s/ Michael J. Hays